GEORGE CLINTON, Appellant, *v.* FRED H. KRULL, Respondent.

**Tax** — insufficiency of description of property on assessment roll.

Description of property on assessment roll examined and considered, and
rule as to sufficiency of description laid down in *Fulton* v. *Krull* (200
N. Y. 105) followed and applied.
*Clinton* v. *Krull,* 125 App. Div. 157, modified.

(Argued October 12, 1910; decided November 29, 1910.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
March 6, 1908, affirming a judgment in favor of defendant
entered upon the report of a referee.

This action was brought under section 1638 of the Code of
Civil Procedure to determine the title to real property situated
in the city of Niagara Falls. The complaint charged that the
plaintiff was in possession of the property in suit, as owner in
fee, under a deed from his predecessor in title, and that the
defendant wrongfully claimed to be the owner thereof under
a certain tax deed.

*George Clinton, Jr.,* for appellant.

*Daniel E. Brong* and *David Tice,* for respondent.

HISCOCK, J. The decision of this appeal is largely deter-
mined by our decision in the case of *Fulton* v. *Krull* which
is handed down at this time, and the description of the lots
purporting to be assessed against appellant should be held
sufficient so far as it relates to lot 1 described in the assess-
ment roll, and should be held insufficient so far as it relates to
portions of the lots described respectively by the letters A,
B, C, D, E and F. These letter lots are all described in the
assessment roll as fronting on Whirlpool street. Whirlpool
street does not run at right angles with the cross streets affect-
ing these lots and referred to in the assessors' description
thereof, nor at right angles with the side lines of the lots as
intended to be assessed. The lines bounding the lots in the

rear do run at right angles with said cross streets and not parallel with Whirlpool street, so that said lots respectively are not of uniform depth on each side thereof. In the case of lots indicated as lots A, B, C, an attempt was made to describe the entire lots, whereas in case of lots indicated as D, E and F the intent was to describe the westerly part of the lots, but in each case the rear boundary was intended to be at right angles with the cross street and not parallel with Whirlpool street on which the lots fronted. The only basis for the side boundary lines or by which to fix the rear boundary line is a statement in effect that the lot is a given number of feet in depth. The frontage and depth as thus given would not enable one accurately to determine the location of the premises intended to be assessed. If taking the frontage and the depth as given in the roll the lot should be given a uniform depth on each side it would then extend at right angles with Whirlpool street and form an entirely different plot than is formed by the lot intended to be assessed and covered by the deed subsequently executed. On the other hand, if the side boundary lines should be extended parallel with the cross streets each one for the distance given as the depth of the lot in the assessment roll, an entirely different rear boundary line would be secured from that which was intended. The assessment roll does not indicate which course should be pursued and no accurate location of the lots could be made from the description employed in it. For these reasons the judgment should be affirmed, so far as it relates to what was described as lot 1 on the north side of Whitney avenue, and should be reversed and judgment ordered for plaintiff, so far as it affects all of the other lots, without costs to either party.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment accordingly.